UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Giles Debenham**, individually, and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>**Digital Forensics Corporation, LLC**, an Ohio corporation, **Dmitry Belkin**,<br><br>  Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, ET SEQ.** |

Plaintiff, Giles Debenham, ("Plaintiff"), individually, and on behalf of all other persons similarly situated, allege as follows:

## PRELIMINARY STATEMENT

1.     This is an action for equitable relief, overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).  Plaintiff brings this action on behalf of himself and all similarly-situated current and former Inside Sales Agents[1]  (also referred to as the "Covered Positions") of Defendants.

---

[1]     For the purposes of this Complaint, "Inside Sales Agent" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of the Plaintiffs and putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

2.     Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants Digital Forensics Corporation, LLC and Dmitry Belkin ("Defendants")[2] for their unlawful failure to pay overtime in violation of the FLSA.

3.     Plaintiff brings a collective action under the FLSA to recover the unpaid overtime wages owed to him individually and on behalf of all other similarly-situated Inside Sales Agents, current and former, of Defendants.  Putative members of the Collective Action are referred to as the "Collective Members."

4.     Plaintiff and the Collective Members are current and former employees of Defendants.  Plaintiff brings this action on behalf of himself and all similarly-situated current and former Inside Sales Agents who Defendants misclassified as "exempt" from overtime under the FLSA, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

5.     The Collective Members are all current and former Inside Sales Agents who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

6.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."  Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek.

---

[2]     All Defendants to this action are collectively referred to as either "DFC" or "Defendants" unless specified otherwise.

## JURISDICTION AND VENUE

7.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

10.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Cuyahoga County, Ohio, and is a former employee of Defendants.

12.     At all material times, Plaintiff was a full-time employee of Defendants who worked as an Inside Sales Agent from December 2017 through August 2018.

13.     At all material times, Plaintiff was employed by Defendants and paid as an exempt employee.

14.     At all relevant times, Defendants employed Inside Sales Agents to perform various non-exempt duties, including, but not limited to, cold-calling and emailing current and potential customers to obtain the customer's agreement to purchase DFC's services.

15.     At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

16.     At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1).

17.     Plaintiff has given his written consent to be a named representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

18.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former Inside Sales Agents of Defendants, including but not limited to current or former Inside Sales Agents of Defendants who agree in writing to join this action seeking recovery under the FLSA.

19.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former Inside Sales Agents of Defendants who Defendants misclassified as "exempt" from overtime under the FLSA and, therefore, did not receive an overtime premium for time spent working in excess of 40 hours in a given workweek.

20.     Defendant Digital Forensics Corporation LLC is an Ohio corporation, authorized to do business in the State of Ohio and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

21.     Under the FLSA, Defendant Digital Forensics Corporation LLC is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendant Digital Forensics Corporation LLC had the authority to hire and fire employees, supervised and controlled work

schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Digital Forensics Corporation LLC. Having acted in the interest of Digital Forensics Corporation LLC in relation to their employees, including Plaintiff, Digital Forensics Corporation LLC is subject to liability under the FLSA.

22. Under the FLSA, Defendant Dmitry Belkin is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Dmitry Belkin is the owner of Digital Forensics Corporation LLC. At all relevant times, he had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Digital Forensics Corporation LLC. As a person who acted in the interest of Digital Forensics Corporation LLC in relation to Digital Forensics Corporation LLC's employees, including Plaintiff, Defendant Dmitry Belkin is subject to individual liability under the FLSA.

23. Defendants are sued in both their individual and corporate capacities.

24. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

25. At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

26. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

27.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

28.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

29.     At all relevant times, Plaintiff and the Collective Members in their work for Defendants, were engaged in commerce or the production of goods for commerce.

30.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

**FACTUAL ALLEGATIONS**

31.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

32.     Defendants own and/or operate as Digital Forensics Corporation LLC, an enterprise located in Cuyahoga County, Ohio.

33.     Digital Forensics Corporation LLC is a company headquartered in Cleveland, Ohio, that performs digital investigations and data recovery.  The services DFC offers include investigating data breaches, intellectual property theft, cyber harassment, and other personal investigations.

34.     DFC's customers are generally other businesses who need their services.

35.     DFC's profits derive from and depend on its Inside Sales Agents' ability to sell DFC's services to its customers.

36.     At all relevant times in their work for Defendants in the Covered Positions, Plaintiff and the Collective Members performed and continue to perform straightforward inside sales tasks.

37.     At all relevant times in their work for Defendants, Inside Sales Agents had and have the primary job duty of cold-calling current and potential customers and selling DFC's services to them.  They call and email current and potential customers to obtain the customer's agreement to use DFC's services.

38.     At all relevant times in their work for Defendants, the Covered Positions are and have been classified as FLSA-exempt and paid a base salary plus commissions based entirely on sales performance.

39.     In December 2017, Plaintiff began employment with Defendants as an Inside Sales Agent, performing primarily non-exempt tasks, such as cold-calling current and potential customers and securing contracts from the customers to use DFC's services.

40.     Rather than paying their Inside Sales Agents–including Plaintiff and the Collective Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants misclassified them as "exempt" in order to avoid their overtime responsibilities under the FLSA.

41.     Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff on a $40,000 annual salary "draw" structure, which means that Defendants paid Plaintiff a guaranteed minimum base annual salary of $40,000, or commissions based on his weekly sales performance, whichever was greater.  Defendants paid Plaintiff in this manner regardless of how many hours he worked in a given workweek.

42.     Pursuant to DFC's policy and practice, for approximately the first 90 days of Plaintiff's employment with Defendants, Defendants classified Plaintiff as an independent contractor rather than an employee.  After 90 days, Defendants then reclassified Plaintiff as an employee.  Despite the reclassification, Plaintiff's job title, duties, and compensation structure remained the same.

43.     In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, he was scheduled, and expected, to work in excess of forty (40) hours per week.

44.     In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, he worked between five (5) and twenty-five (25) hours of overtime (i.e., hours in excess of 40 in a given workweek) without being compensated at one-and-one-half times his regular rate of pay for such time worked.

45.     In their work for Defendants, Plaintiff and the Collective Members were non-exempt employees.

46.     At all relevant times, Defendants have required and require the Covered Positions to be constantly available by phone and email and immediately responsive to customers' and potential customers' needs, as well as in touch with each other to monitor ever-changing customer needs.

47.     At all relevant times, DFC has required and requires the Covered Positions to work continuously throughout the day, communicating with potential and current customers by phone, text, and email, selling DFC's services.

48.     DFC also sets challenging sales quotas, enforces them harshly, and fosters an intensely competitive culture.

49.    These factors cause Plaintiff and the Collective Members to consistently work significant overtime.

50.    DFC requires the Covered Positions to work in excess of 40 hours per week in the office (separate from any time worked at home).

51.    Because of the nature of the work and demands placed by DFC, management is aware that Plaintiffs consistently work through lunch (either skipping lunch or eating at their desks while working).

52.    In addition, Plaintiff and the Collective Members work extensive time outside of normal business hours, during mornings, evenings, and weekends.

53.    In their work for Defendants, Plaintiff and the Collective Members were not outside sales employees.

54.    In their work for Defendants, Plaintiffs and the Collective Members were not customarily and regularly engaged away from Defendants' place or places of business in performing their primary duties.

55.    In their work for Defendants, Plaintiff and the Collective Members were not commissioned sales employees half of whose total earnings consisted of commissions.

56.    At no point during any workweek during which Plaintiff and Collective Members worked for Defendants did more than half of their total earnings consist of commissions.

57.    In their work for Defendants, Plaintiffs were not employed by an establishment that qualifies as a bona fide "retail or service establishment."

58.    In their work for Defendants in the Covered Positions, Plaintiff's and the Collective Members' primary duty was not managing the enterprise that is DFC, or managing a customarily recognized department or subdivision of the enterprise that is DFC.

59.     In their work for Defendants in the Covered Positions, Plaintiff and the Collective Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

60.     In their work for Defendants in the Covered Positions, Plaintiff and the Collective Members did not have the authority to hire or fire other employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

61.     In their work for Defendants in the Covered Positions, Plaintiff's and the Collective Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of DFC or DFC's customers.

62.     In their work for Defendants in the Covered Positions, Plaintiff's and the Collective Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

63.     The following further demonstrate that Plaintiff and the Collective Members, in their work for Defendants, were employees under the FLSA:

     a.    Defendants had the exclusive right to hire and fire Plaintiff and the Collective Members;

     b.    Defendants made the decision not to pay overtime to Plaintiff and the Collective Members;

     c.    Defendants supervised Plaintiff and the Collective Members and subjected them to Defendants' rules;

     d.    Plaintiff and the Collective Members had no financial investment with Defendants' business;

e.  Plaintiff and the Collective Members, in their work for Defendants, had no opportunity for profit or loss in the business;

f.  The services rendered by Plaintiff and the Collective Members in their work for Defendants was integral to Defendants' business;

g.  Plaintiff and the Collective Members were hired as permanent employees, working for Defendants for continuous unspecified amounts of time.

h.  Plaintiff and the Collective Members, in their work for Defendants, were entirely economically dependent on Defendants;

i.  Plaintiff and the Collective Members, in their work for Defendants, were not in business for themselves;

j.  Plaintiff and the Collective Members had no right to refuse work assigned to them by Defendants.

64.  From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiff and the Collective Members for any of their overtime hours.  During each and every workweek during which Plaintiff and the Collective Members worked for Defendants, they worked approximately forty-five (45) to sixty (65) hours per week, including routinely working through lunch periods, routinely working from home after regular business hours, and routinely working from home on weekends for which time Defendants failed to accurately record Plaintiff's and the Collective Members' time worked while suffering or permitting them to work nonetheless.

65.  Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

66.     Defendants engaged in the regular practice of willfully failing to pay Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all time that they suffered or permitted Plaintiff and Collective Members to work in excess of forty (40) hours per workweek.

67.     As a result of Defendants' willful failure to pay Plaintiff and Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiff less than the applicable overtime wage rate for such work that Plaintiff and the Collective Members performed in excess of forty (40) hours per workweek.

68.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff and the Collective Members to work.  As such, Plaintiff's and the Collective Members' time records understate the duration of time each workweek that Defendants suffered or permitted Plaintiff and the Collective Members to work.

69.     As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

70.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

71.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for all time worked in excess of forty (40) hours per workweek.

72.     In a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the FLSA 29, U.S.C. § 207(a).

73.     Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

74.     Defendants wrongfully withheld wages from Plaintiff and the Collective Members by failing to pay all wages due for hours Plaintiff and the Collective Members.

75.     Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

76.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

77.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former Inside Sales Agents of Defendants.

78.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as representatives of individuals similarly situated who are current and former Inside Sales Agents of Defendants, who are not or were not paid one-and-one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

79.     At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiff's and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work. Plaintiff's claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical.

80.     Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the hours worked in excess of forty (40) during that workweek. Further, Plaintiff and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

81.     Rather than paying their Inside Sales Agents–including Plaintiff and the Collective Members–an overtime premium for time spent working in excess of 40 hours in a

given workweek, Defendants misclassified them as "exempt" in order to avoid their overtime responsibilities under the FLSA.

82.     Throughout Plaintiff's and the Collective Members' employment with Defendants, Defendants paid Plaintiff and the Collective Members on a base annual salary "draw" structure, which means that Defendants paid Plaintiff and the Collective Members a guaranteed minimum base annual salary, or commissions based on his weekly sales performance, whichever was greater. Defendants paid Plaintiff and the Collective Members in this manner regardless of how many hours they worked in a given workweek.

83.     Pursuant to DFC's policy and practice, for approximately the first 90 days of Plaintiff's and the Collective Members' employment with Defendants, Defendants classified Plaintiff and the Collective Members as independent contractors rather than as employees. After 90 days, Defendants then reclassified Plaintiff and the Collective Members as employees. Despite the reclassification, Plaintiff's and the Collective Members' job titles, duties, and compensation structures remained the same.

84.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Members' employment with Defendants, they were scheduled, and expected, to work in excess of forty (40) hours per week.

85.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Members' employment with Defendants, they worked between five (5) and twenty-five (25) hours of overtime (i.e., hours in excess of 40 in a given workweek) without being compensated at one-and-one-half times their regular rates of pay for such time worked.

86.     Although Defendants permitted and/or required the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) in a given workweek.

87.     The Collective Members perform or have performed the same or similar work as Plaintiff.

88.     The Collective Members are not exempt from receiving overtime pay.

89.     As such, the Collective Members are similar to Plaintiff in terms of job title, job duties, pay structure, and/or the denial of overtime.

90.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

91.     The following further demonstrate that Plaintiff and the Collective Members, in their work for Defendants, were employees under the FLSA:

       a.     Defendants had the exclusive right to hire and fire Plaintiff and the Collective Members;

       b.     Defendants made the decision not to pay overtime to Plaintiff and the Collective Members;

       c.     Defendants supervised Plaintiff and the Collective Members and subjected them to Defendants' rules;

       d.     Plaintiff and the Collective Members had no financial investment with Defendants' business;

       e.     Plaintiff and the Collective Members, in their work for Defendants, had no opportunity for profit or loss in the business;

f.   The services rendered by Plaintiff and the Collective Members in their work for Defendants was integral to Defendants' business;

g.   Plaintiff and the Collective Members were hired as permanent employees, working for Defendants for continuous unspecified amounts of time.

h.   Plaintiff and the Collective Members, in their work for Defendants, were entirely economically dependent on Defendants;

i.   Plaintiff and the Collective Members, in their work for Defendants, were not in business for themselves;

j.   Plaintiff and the Collective Members had no right to refuse work assigned to them by Defendants.

92.   The experiences of Plaintiff, with respect to their pay, are typical of the experiences of the Collective Members.

93.   The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

94.   All class members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

95.   Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple mathematic formula.  The claims of all Collective Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

96.   As such, Plaintiff brings his FLSA overtime claims as a collective action on behalf of the following class:

**The FLSA Collective Members are all of Defendants' current and former Inside Sales Agents who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present</u>.**

97.     Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by manipulating and/or failing to properly record the hours the employees work.

98.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

99.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

100.     This action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

101.     The Collective Members perform or have performed the same or similar work as Plaintiffs.

102.     Upon information and belief, the individuals similarly situated to Plaintiff include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

103.     Notice can be provided to the Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via text message at the last known telephone number known to Defendants.

104.     Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all

pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

## DAMAGES

105.　Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106.　Plaintiff and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 hours in a given workweek for which they were not paid at the federally mandated overtime rate–i.e., Plaintiff and the Collective Members are entitled one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per week for Defendants.

107.　Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

108.　Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## UNPAID OVERTIME

109.　Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

110.　Defendants misclassified Plaintiff and the Collective Members as "exempt" from overtime under the FLSA.

111.　Defendants misclassified Plaintiff and the Collective Members as independent contractors for the first 90 days of their employment with Defendants.

112.     Defendants operated pursuant to their policy and practice of not paying Plaintiff and the Collective Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

113.     While employed by Defendants, Plaintiff and the Collective Members worked tens of hours of overtime per week each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for such time.

114.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

115.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

116.     Plaintiff and the Collective Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

117.     Additionally, while employed by Defendants, during each and every workweek during which Plaintiff and the Collective Members worked, Defendants suffered or permitted Plaintiff and the Collective Members to work overtime hours during lunch breaks, outside of normal business hours and on weekends, yet Defendant did not pay Plaintiff or the Collective Members any wage whatsoever for such time Plaintiff and the Collective Members worked.  As a result, Defendants additionally failed or refused to compensate Plaintiff and the Collective Members one-and-one-half times their regular rates of pay for hours Plaintiff and the Collective Members worked outside of normal business hours and on weekends.

118.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA.

119.     Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and the Collective Members in accordance with 29 U.S.C. § 207.

120.     Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

121.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

122.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

123.     As a result of Defendants failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one half times Plaintiff's and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour

workweek, Defendants violated 29 U.S.C. § 207(a).  Plaintiff and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Giles Debenham, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

   i.    violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper minimum wages; and

   ii.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 207;

B.    For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff and the Collective Members;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.    For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.     For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G.     Such other relief as this Court deems just and proper.

**<u>REQUEST FOR COLLECTIVE ACTION CERTIFICATION</u>**

Plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).


RESPECTFULLY SUBMITTED this 3rd day of October, 2018.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (OH No. 0089601)
Christopher J. Bendau
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Phone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
THE LAW OFFICES OF SIMON & SIMON
6000 Freedom Square Dr.
Independence, OH 44131
Phone: (216) 525-8890
Fax: (216) 642-5814
Email: jameslsimonlaw@yahoo.com